JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1065 PA (FFMx) | Date | March 7, 2014 |
|---|---|---|---|
| Title | Maria Villafana v. Bank of America Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Bank of America, N.A. ("Defendant") on February 11, 2014.  Defendant asserts that the Court has jurisdiction over this action, brought by plaintiff Maria Villafana ("Plaintiff"), on the basis of diversity.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a national banking association is a citizen of the state in which it is respectively located.  28 U.S.C. § 1348; see also Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006).

Here, the Notice of Removal alleges that Plaintiff "was and is a resident of the County of Los Angeles, in the State of California.  (Notice of Removal ¶ 9.)  The Notice of Removal also cites the

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1065 PA (FFMx) | Date | March 7, 2014 |
|---|---|---|---|
| Title | Maria Villafana v. Bank of America Corp., et al. | | |

Complaint to support Defendant's allegation that Plaintiff is a citizen of California. The Complaint states that "Plaintiff . . . is, and at all times relevant was, an individual residing in the County of Los Angeles." (Compl. ¶ 1.)

However, because an individual is not necessarily domiciled where he or she resides, Defendant's allegation is insufficient to establish Plaintiff is domiciled in California. See Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; see also Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). In this case, Defendant has not affirmatively alleged Plaintiff's actual citizenship.

As a result, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC532515. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.